UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JOSE PUENTES-PUENTES**<br><br>  Petitioner<br><br>  v.<br><br>**SCARLET GRANT**, Warden, Cimarron Correctional Facility; **ROBERT CERNA,** Acting Field Office Director of Dallas Field Office, U.S. Immigration and Customs Enforcement; **KRISTI NOEM,** Secretary of the U.S. Department of Homeland Security; and **PAMELA BONDI**, Attorney General of the United States, in their official capacities<br><br>  Respondents. | Case No. _____<br><br>**PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

1.   Petitioner, Jose Puentes-Puentes, brings this petition for a writ of habeas corpus to enforce a final declaratory judgment governing the detention authority applicable to members of a certified nationwide class in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. 2025). Petitioner is currently in the physical custody of Respondents at the Cimarron Correctional Facility (Exhibit 1). He remains detained notwithstanding clear entitlement to consideration for release on bond under the governing statute and the binding judgment in *Maldonado Bautista v. Santacruz*.

2.   On July 8, 2025, the Department of Homeland Security ("DHS") issued administrative guidance, entitled "Interim Guidance Regarding Detention Authority for Applicants for Admission," asserting that noncitizens who entered the United States without inspection and were later encountered in the interior should be treated as "applicants for admission" subject to

detention under INA § 235(b)(2), 8 U.S.C. § 1225(b)(2), and categorically ineligible for bond. Relying on this guidance, immigration courts nationwide began denying bond jurisdiction to long-term residents who were placed in removal proceedings under 8 U.S.C. § 1229a, notwithstanding decades of precedent recognizing detention authority under INA § 236(a), 8 U.S.C. § 1226(a), for such individuals.

3. As set forth below, the district court rejected DHS's interpretation, certified a nationwide Bond Eligible Class, vacated the July 2025 guidance, and entered final declaratory judgment holding that class members are detained under § 1226(a), and therefore, entitled to consideration for release on bond. *Maldonado Bautista v. Santacruz,* No. 5:25-CV-01873-SSS-BFM (C.D. Cal. 2025). Despite that final judgment, Petitioner continues to be detained without bond consideration, necessitating this petition.

4. Accordingly, Petitioner seeks an order directing Respondents to immediately comply with the governing detention statute and the declaratory judgment in *Maldonado Bautista v. Santacruz* by releasing Petitioner from custody or, in the alternative, by providing a prompt bond hearing under § 1226(a).

## FACTUAL BACKGROUND

5. Petitioner, Jose Puentes-Puentes, is a citizen of Mexico who has lived in the United States since childhood. Since entering the United States, he resided openly in the interior of the country. During that time, Petitioner built a stable life in Oklahoma, raised his U.S. citizen child (Exhibit 2), worked consistently (Exhibit 3), and became deeply rooted in his community (Exhibit 4).

6. Petitioner was apprehended by immigration authorities in the interior of the United States, long after his entry and far from any port of entry. He was not apprehended at the border

and did not present himself for admission. Rather, Petitioner was taken into custody in October 2025 when he was pulled over while driving in Oklahoma. No charges came of this stop but he was taken into custody due to his immigration status.

7. His only criminal history was a DUI in 2016 which led to his prior immigration detention. The Immigration Judge determined he was not a danger to the community of a flight risk and therefore granted him bond during his 2016 proceedings. He appeared at all his hearings and complied with officials.

8. Petitioner is the father of a U.S. citizen minor child, Jayden Puentes Dimas (Exhibit 2), who depends on Petitioner for daily care, emotional stability, and financial and household support. Prior to his detention, Petitioner was a vital source of financial support and a primary caregiver for his child. The disruption caused by his detention has resulted in significant emotional distress to his U.S. citizen child and family (Exhibit 2, Exhibit 4).

9. Petitioner has worked consistently throughout his time in the United States and has held lawful employment with work authorization (Exhibit 3), contributing financially to his household and community.

10. Petitioner has had no criminal issues since the one incident in 2016 and poses no danger to the community, and has demonstrated consistent respect for the legal processes by complying with government requests rather than evading authorities.

## JURISDICTION

11. Petitioner is in the physical custody of Respondents. Petitioner is detained at the Cimarron Correctional Facility in Cushing, Oklahoma (Exhibit 1).

12. This Court has jurisdiction under 28 U.S.C. § 2241(c)(5) (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, Section 9, Clause 2 of the United States Constitution (the Suspension Clause).

13. This Court may grant relief pursuant to 28 U.S.C. § 2241, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the All-Writs Act, 28 U.S.C. § 1651.

## VENUE

14. Pursuant to *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493-500 (1973), venue lies in the United States District Court for the Western District of Oklahoma, the judicial district in which Petitioner currently is detained.

15. Venue is also properly in this Court pursuant to 28 U.S.C. § 1391(e) because Respondents are employees, officers, and agents of the United States, and because a substantial part of the events or omissions giving rise to the claims occurred in the Western District of Oklahoma.

## REQUIREMENTS OF 28 U.S.C. § 2243

16. The Court should grant the petition for writ of habeas corpus "forthwith," as the legal issues have already been resolved for class members in *Maldonado Bautista v. Santacruz*.

17. Habeas corpus is "perhaps the most important writ known to the constitutional law . . . affording as it does a *swift* and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added). "The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application." *Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000) (citation omitted).

**EXHAUSTION OF ADMINISTRATIVE REMEDIES WOULD BE FUTILE**

18. Although habeas petitioners generally are expected to exhaust available administrative remedies, exhaustion is not required where pursuit of such remedies would be futile. *See e.g.*, *Laing v. Ashcroft*, 370 F.3d 994, 1000–01 (9th Cir. 2004). Here, exhaustion would be futile because Petitioner's continued detention rests on a categorical legal position—namely, the denial of bond jurisdiction under § 1225(b)(2)—that has already been resolved by a final, binding declaratory judgment in *Maldonado Bautista v. Santacruz.*

19. Immigration Judges lack authority to disregard or narrow the *Maldonado Bautista v. Santacruz* judgment and have no discretion to grant relief where bond jurisdiction is denied as a matter of law. Because the sole issue presented is a purely legal one that has been conclusively resolved by a federal district court, requiring Petitioner to pursue additional administrative remedies would serve no purpose and would only prolong unlawful detention.

**GOVERNING BOND AND DETENTION FRAMEWORK
UNDER INA § 1226(a)**

20. Detention and release of noncitizens not subject to mandatory detention is governed by § 1226(a). That provision authorizes DHS to detain or release individuals on bond or conditional parole, and expressly confers jurisdiction on Immigration Judges to conduct custody redetermination hearings. 8 C.F.R. §§ 1003.19, 1236.1(d)(1).

21. Mandatory detention applies only to the narrow categories enumerated in INA §§ 236(c), 235(b)(1), and 241, 8 U.S.C. §§ 1226(c), 1225(b)(1), and 1231. Where none of those provisions applies, detention authority rests exclusively with § 1226(a), and denial of bond jurisdiction is not permitted.

22. Accordingly, the threshold legal question in custody disputes of this kind is not whether release should be granted, but whether detention authority arises under § 1226(a) or §

1225(b)(2). That statutory question has now been conclusively resolved for members of the *Maldonado Bautista* Bond Eligible Class.

## THE FINAL JUDGMENT IN *MALDONADO BAUTISTA V. SANTACRUZ* RESOLVED DETENTION AUTHORITY FOR CLASS MEMBERS

23. On December 18, 2025, the United States District Court for the Central District of California entered final judgment in *Maldonado Bautista v. Santacruz*, certifying a nationwide Bond Eligible Class under Federal Rule of Civil Procedure 23(b)(2) and issuing declaratory relief resolving the detention authority applicable to class members.

24. The court declared that members of the certified class are detained under § 1226(a), not § 1225(b)(2), and therefore, may not be denied consideration for release on bond. *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (filed December 18, 2025) (Order on final judgment).

25. In reaching the above-described conclusion, the court vacated DHS's July 8, 2025 "Interim Guidance Regarding Detention Authority for Applicants for Admission," which had attempted to collapse distinct statutory detention schemes through administrative interpretation. The court further explained that although it declined to formally vacate *Matter of Yajure-Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), under the Administrative Procedure Act, "the legal conclusion underlying the decision is no longer tenable." District courts across the country have consistently rejected the Executive Office of Immigration Review ("EOIR") and Immigration and Customs Enforcement ("ICE's") new interpretation. [1]

---

[1] *See e.g.*, *Velasquez Salazar v. Dedos*, No. 1:25-cv-00835-DHU-JMR, 2025 U.S. Dist. LEXIS 183335 (D.N.M. Sept. 17, 2025); *Gomes v. Hyde*, No. 1:25-CV-11571-JEK, 2025 WL 1869299 (D. Mass. July 7, 2025); *Rosado v. Figueroa*, No. CV 25-02157 PHX DLR (CDB), 2025 WL 2337099 (D. Ariz. Aug. 11, 2025), report and recommendation adopted, No. CV-25-02157-PHX-DLR (CDB), 2025 WL 2349133 (D. Ariz. Aug. 13, 2025); *Lopez Benitez v. Francis*, No. 25 CIV. 5937 (DEH), 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); *Maldonado v. Olson*, No. 0:25-cv-03142-SRN-SGE, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); *Romero v. Hyde*, No. 25-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Samb v.*

## **LEGAL EFFECT OF VACATUR AND THE NON-APPLICABILITY OF** *MATTER OF YAJURE-HURTADO*

26. Under the Administrative Procedure Act, courts must "hold unlawful and set aside agency action" that is "not in accordance with law." 5 U.S.C. § 706(2)(A). The *Maldonado Bautista v. Santacruz* court expressly vacated the DHS policy interpretation that formed the legal foundation for denying bond jurisdiction to noncitizens encountered in the interior.

27. Because *Matter of Yajure-Hurtado* expressly relied on that now-vacated DHS guidance, its legal premise no longer applies to members of the certified class. As the district court made clear, the issue is not formal vacatur of agency precedent, but the absence of any viable legal basis for applying § 1225(b)(2) to class members in contravention of the court's binding statutory interpretation.

28. Agency adjudicators may not continue to apply an interpretation that conflicts with a final declaratory judgment resolving the governing statute. Where such conflict exists, the judgment controls.

29. Nonetheless, the EOIR and its subagency, the Immigration Court, and DHS have blatantly refused to abide by the declaratory relief and have unlawfully ordered that Petitioner be denied the opportunity to be released on bond.

---

*Joyce*, No. 25 CIV. 6373 (DEH), 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); *Ramirez Clavijo v. Kaiser*, No. 25-CV-06248-BLF, 2025 WL 2419263 (N.D. Cal. Aug. 21, 2025); *Leal-Hernandez v. Noem*, No. 1:25-cv-02428-JRR, 2025 WL 2430025 (D. Md. Aug. 24, 2025); *Kostak v. Trump*, No. 3:25-cv-01093-JE-KDM, 2025 WL 2472136 (W.D. La. Aug. 27, 2025); *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), --- F. Supp. 3d ----, 2025 WL 2466670 (D. Minn. Aug. 27, 2025); *Lopez-Campos v. Raycraft*, No. 2:25-cv-12486-BRM-EAS, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Vasquez Garcia v. Noem*, No. 25-cv-02180-DMS-MM, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); *Zaragoza Mosqueda v. Noem*, No. 5:25-CV-02304 CAS (BFM), 2025 WL 2591530 (C.D. Cal. Sept. 8, 2025); *Pizarro Reyes v. Raycraft*, No. 25-CV-12546, 2025 WL 2609425 (E.D. Mich. Sept. 9, 2025); *Sampiao v. Hyde*, No. 1:25-CV-11981-JEK, 2025 WL 2607924 (D. Mass. Sept. 9, 2025); see also, e.g., *Palma Perez v. Berg*, No. 8:25CV494, 2025 WL 2531566, at *2 (D. Neb. Sept. 3, 2025) (noting that "[t]he Court tends to agree" that § 1226(a) and not § 1225(b)(2) authorizes detention); *Jacinto v. Trump*, No. 4:25-cv-03161-JFB-RCC, 2025 WL 2402271, at *3 (D. Neb. Aug. 19, 2025); *Anicasio v. Kramer*, No. 4:25-cv-03158-JFB-RCC, 2025 WL 2374224, at *2 (D. Neb. Aug. 14, 2025)

## PETITIONER IS A MEMBER
## OF THE *MALDONADO BAUTISTA* BOND ELIGIBLE CLASS

30.     Petitioner is a member of the *Maldonado Bautista* Bond Eligible Class because he entered the United States without inspection, was not apprehended upon arrival, and is not subject to detention under § 1226(c), § 1225(b)(1), or § 1231. Accordingly, Petitioner's detention is governed by 8 U.S.C. § 1226(a), and he is entitled to consideration for release on bond.

31.     Respondents are bound by the judgment in *Maldonado Bautista v. Santacruz*. Nevertheless, Respondents continue to flagrantly defy the judgment in that case and continue to subject Petitioner to unlawful detention despite his clear entitlement to consideration for release on bond as a Bond Eligible Class member.

32.     Because Respondents are detaining Petitioner in violation of the declaratory judgment issued in *Maldonado Bautista v. Santacruz,* the Court should accordingly order that within one day, Respondent DHS must release Petitioner.

33.     Alternatively, the Court should order Petitioner's release unless Respondents provide a bond hearing under § 1226(a) within seven days.

## PARTIES

34.     Petitioner, Jose Puentes-Puentes, is a citizen of Mexico who has resided in the United States since he was a minor. He has been in immigration detention since October 2025. After Petitioner was arrested, ICE did not set bond, and Petitioner requested review of his custody by an Immigration Judge.

35.     Respondent Robert Cerna is the Director of the Dallas Field Office of ICE's Enforcement and Removal Operations division. As such, Joshua Johnson is Petitioner's immediate custodian and is responsible for Petitioner's detention and removal. He is named in his official capacity.

36. Respondent Kristi Noem is the Secretary of the Department of Homeland Security. She is responsible for the implementation and enforcement of the Immigration and Nationality Act (INA), and oversees ICE, which is responsible for Petitioner's detention. Ms. Noem has ultimate custodial authority over Petitioner and is sued in her official capacity.

37. Respondent DHS is the federal agency responsible for implementing and enforcing the INA, including the detention and removal of noncitizens.

38. Respondent Pamela Bondi is the Attorney General of the United States. She is responsible for the Department of Justice, of which the EOIR and the immigration court system it operates is a component agency. She is sued in her official capacity.

39. Respondent EOIR is the federal agency responsible for implementing and enforcing the INA in removal proceedings, including for custody redeterminations in bond hearings.

40. Respondent Scarlet Grant is employed by the Cimarron Correctional Facility as Warden of the Cimarron Correctional Facility where Petitioner is detained. She has immediate physical custody of Petitioner. She is sued in her official capacity.

## CLAIMS FOR RELIEF

### CLAIM ONE
### Violation of the INA:
### Request for Relief Pursuant to *Maldonado Bautista v. Santacruz*

41. Petitioner repeats, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

42. As a member of the Bond Eligible Class, Petitioner is entitled to consideration for release on bond under 8 U.S.C. § 1226(a).

43. The order granting partial summary judgment in *Maldonado Bautista v. Santacruz* holds that Respondents violate the INA in applying the mandatory detention statute at § 1225(b)(2) to class members.

44. The order granting class certification in *Maldonado Bautista v. Santacruz* further orders that "[w]hen considering this determination with the MSJ Order, the Court extends the same declaratory relief . . . granted to Petitioners to the Bond Eligible Class as a whole." *Maldonado Bautista*, No. 5:25-CV-01873-SSS-BFM, at *46 (filed December 18, 2025).

45. Respondents are parties to *Maldonado Bautista v. Santacruz* and are bound by the court's declaratory judgment, which has the full "force and effect of a final judgment." 28 U.S.C. § 2201(a).

46. By denying Petitioner a bond hearing under § 1226(a) and asserting that he is subject to mandatory detention under § 1225(b)(2), Respondents violate Petitioner's statutory rights under the INA and the Court's judgment in *Maldonado Bautista v. Santacruz*.

## CLAIM ONE

### Denial of Bond Consideration Violates Due Process

47. Petitioner repeats, re-alleges, and incorporates by reference each and every allegation in the preceding paragraph as if fully set forth herein.

48. The Fifth Amendment prohibits civil immigration detention without due process of law. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

49. Although *Zadvydas v. Davis* addressed post-order detention under 8 U.S.C. § 1231, the Supreme Court's reasoning confirms that immigration detention must remain closely tethered to its statutory purpose and be accompanied by adequate procedural protections.

50. Where detention is governed by § 1226(a), due process requires an individualized custody determination that provides a meaningful opportunity to seek release.

51. Here, Petitioner's continued detention rests on a categorical denial of any bond hearing, foreclosing the only procedure available to challenge custody.

52. The denial of bond consideration – regardless of the length of detention – results in arbitrary civil confinement without individualized review and violates the Fifth Amendment's Due Process Clause. Habeas relief is therefore warranted.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

    a.    Assume jurisdiction over this matter;
    b.    Issue a writ of habeas corpus requiring that within one day, Respondents release Petitioner;
    c.    Alternatively, issue a writ of habeas corpus requiring Respondents to release Petitioner or in the alternative;
    d.    They provide a bond hearing under § 1226(a) within seven days;
    e.    Grant any other and further relief that this Court deems just and proper.

Respectfully submitted,

s/*Melissa M. Henry*
Melissa M. Henry
CA Bar No. 330769; EOIR ID No. II310342
629 West Main Street, # 1086
Oklahoma City, Oklahoma 73102
Tel: (405) 888-8310; Fax: (405) 288-9067
Melissa@MedranoImmigrationFirm.com
*Counsel for Petitioner*

Dated: 2/4/2026

**VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

I represent Petitioner, Jose Puentes-Puentes, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 4th day of February 2026.

s/*Melissa M. Henry*
Melissa M. Henry
