UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSE PUENTES-PUENTES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-26-192-J |
| | ) |
| SCARLET GRANT, et al., | ) |
| | ) |
| Respondents. | ) |

**ORDER**

Petitioner Jose Puentes-Puentes, a noncitizen from Mexico, is currently in the custody of Immigration and Customs Enforcement (ICE). He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking a bond hearing (Pet.) [Doc. No. 1]. The matter was referred to United States Magistrate Judge Chris M. Stephens consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Stephens issued a Report and Recommendation recommending that the Court: (1) grant the Petition and (2) order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release him. (Rep. & Rec.) [Doc. No. 16]. Respondents filed a timely objection (Obj.) [Doc. No. 17], triggering de novo review. *See Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).

For the reasons discussed below, the Report and Recommendation is ADOPTED, and the Petition is GRANTED to the extent it alleges Petitioner's lack of bond hearing violates federal law.

**I.      Background**

Petitioner entered the United States as a minor. In 2016, following an arrest, Petitioner was placed into removal proceedings but released from ICE custody. In October 2025, ICE detained Petitioner again after a traffic stop. While housed at the Cimarron Correctional Facility in Cushing,

Oklahoma, Petitioner filed his Petition, asserting that his continued detention without a bond hearing violates (1) the declaratory judgment in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284, at *2 (C.D. Cal. Feb. 18, 2026), (2) the Immigration and Nationality Act (INA), and (3) his Fifth Amendment due process rights.

## II.   Report and Recommendation

Upon review, Judge Stephens concluded that Petitioner (1) sufficiently raised an INA claim, and (2) his continued detention without a bond hearing violates the INA. *See* Rep. & Rec. at 4-20.[1]  On the latter finding, Judge Stephens found that Petitioner is not seeking admission as contemplated under 8 U.S.C. § 1225(b)(2)(A) and thus 8 U.S.C. § 1226(a) controls his detention. *See id.*

## III.   Analysis

### A.   Properly Raised Claim

Respondents first object to Judge Stephens' conclusion that Petitioner sufficiently raised his INA claim. On de novo review, the Court ADOPTS Judge Stephens' findings.

Petitioner began his Petition arguing for enforcement of *Bautista*. There, a California court granted class certification and declared that the Department of Homeland Security's policy of categorizing anyone charged with being inadmissible as an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A), and thus ineligible for a bond hearing, violated the INA. In citing the case, Petitioner stated:

> [*Bautista*] entered final declaratory judgment holding that class members are detained under § 1226(a), and therefore, entitled to consideration for release on bond. Despite that final judgment, Petitioner continues to be detained without bond consideration, necessitating this petition.

---

[1] All page citations refer to this Court's CM/ECF pagination.

> Accordingly, Petitioner seeks an order directing Respondents to immediately comply with the governing detention statute and the declaratory judgment in . . . *Bautista* . . . by releasing Petitioner from custody, or in the alternative, by providing a prompt bond hearing under § 1226(a).

Pet. at 2. Thereafter, Petitioner set forth reasons why § 1226(a) applies to his case and again summarized *Bautista*'s findings related to § 1225(b)(2)(A) and § 1226(a). *See id.* at 6, 8-10. Finally, Petitioner sought an order directing Respondents to comply with § 1226(a) *and* the decision in *Bautista*. *See id.* at 10 ("By denying Petitioner a bond hearing under § 1226(a) and asserting that he is subject to mandatory detention under § 1225(b)92), Respondents violate Petitioner's statutory rights under the INA *and* the Court's judgment in [*Bautista*]." (emphasis added)).

Despite Petitioner's repeated reference to § 1226(a), Respondents argue that Petitioner *only* sought relief under *Bautista* and failed to advance a distinct § 1226(a) argument. *See* Obj. at 8-9. But as another district court judge recently held, addressing a near identical objection, "this reading of Petitioner's Petition is too restrictive." *Akhalaia v. Figueroa*, No. CIV-26-133-R, 2026 WL 637620, at *2 (W.D. Okla. Mar. 6, 2026). Indeed, as in *Akhalaia*, Petitioner discussed the framework under § 1226(a) and addressed why he was eligible for a bond hearing. As such, "the allegations in the Petition . . . are sufficient to raise the '§ 1225 and § 1226 issue,' . . . and thus sufficient for the Court to determine Petitioner's case on the merits." *Id.* (cleaned up).

### B.     Section 1226(a)

Regarding the merits of Petitioner's INA claim, Respondents object to Judge Stephens' conclusion that § 1226(a) controls Petitioner's detention. Respondents insist that § 1225(b)(2)(A) controls because Petitioner is an applicant for admission and the section unambiguously requires all applicants for admission to be subject to mandatory detention. *See* Obj. at 9-35.

Although employing a de novo review, the Court declines to engage in lengthy analysis here.[2] This Court, and indeed most courts in this circuit and nationwide, have repeatedly concluded that § 1226(a) controls in this situation. *See Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026) (collecting cases). Unless the Tenth Circuit and/or Supreme Court hold differently, the matter is well settled in this Court and further discussion is unwarranted.

Petitioner has not received a bond hearing, and Respondents raise no objection challenging their obligation to provide bond hearings for noncitizens under § 1226(a). Therefore, the Court finds that Petitioner is entitled to a bond hearing and Respondents' failure to provide one violates § 1226(a) of the INA.[3]

## IV.   Conclusion

For the reasons above, the Court ADOPTS the thorough and well-reasoned Report and Recommendation [Doc. No. 16] on de novo review and GRANTS Petitioner's Petition in so far as it finds Respondents violated the INA. Accordingly, the Court ORDERS Respondents to provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a) or otherwise release Petitioner. Respondents shall certify compliance within five business days of this Order's date.

A separate judgment will enter.

---

[2] "[N]either 28 U.S.C. § 636(b)(1) nor Fed. R. Civ. P. 72(b) requires the district court to make any specific findings; the district court must merely conduct a de novo review of the record." *Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000). Indeed, the circuit court has upheld district court orders which "merely repeated the language of § 636(b)(1) to indicate its [de novo] compliance." *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995) ("[I]t is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis.").

[3] Because the Court grants Petitioner relief under § 1226(a), it declines to address his constitutional claim or his argument that he is entitled to relief under *Bautista* as a class member.

5

IT IS SO ORDERED this 9th day of March, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE